UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION,<br><br>Plaintiff,<br><br>v.<br><br>NOVASTAR FINANCIAL, INC. and NOVASTAR MORTGAGE, INC.,<br><br>Defendants. | Civil Action No. 07-861 (RCL) |

**DEFENDANTS' MOTION TO FILE ANSWER OUT OF TIME
AND TO DENY THE PENDING MOTION FOR ENTRY OF DEFAULT**

Pursuant to Rule 6(b)(B) of the Federal Rules of Civil Procedure, defendants NovaStar Financial, Inc., and NovaStar Mortgage, Inc. (collectively, "defendants"), file this motion permitting them to file their Answer in this matter out of time. A copy of the Answer is attached hereto as Exhibit A. Defendants also request that the Court deny plaintiff's pending motion for entry of default. As grounds therefore, defendants state as follows:

1. Plaintiff filed this action on May 9, 2007.

2. Defendants timely responded to the Complaint on May 30, 2007, by filing a Motion to Dismiss.

3. On March 31, 2008, the Court denied defendants' Motion to Dismiss. Pursuant to Rule 12(a)(4), defendants' Answers were due to be filed on or before April 14, 2008. Defendants failed to file their Answers by that date due to an inadvertent oversight by undersigned counsel for defendants.

4. When undersigned counsel became aware of the matter, he immediately contacted counsel for plaintiff who would not agree to any additional time for defendants to file their Answer, nor would plaintiff agree to withdraw its request for default.

5. Defendants do not believe that plaintiff will suffer any prejudice in this matter by allowing defendants to file the attached Answer in this litigation. As the Court is well aware, a decision on the merits of the issues is favored. *See, e.g., Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) (Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, default judgments are not favored by modern courts.). In the case at bar, plaintiff has made allegations of discriminatory conduct which defendants adamantly deny. Permitting defendants to present their evidence in response to plaintiff's allegations would provide for a more just and equitable resolution of this matter.

6. Initially, defendants timely responded to the Complaint in this matter by filing a motion to dismiss. Counsels' failure to timely file an Answer following the denial of the motion to dismiss was not intentional, nor was it intended to delay in any way these proceedings. As the Court is also aware, the attorney primarily handling his matter, Brian Perryman, recently left the undersigned counsel's firm, *see* Docket Entry No. 14, and this resulted in a failure of the undersigned counsel to properly schedule the response time following the denial of the motion to dismiss on March 31, 2008.

WHEREFORE, defendants respectfully request that the Court enter an order permitting defendants to file the Answer that is attached hereto, and that it deny plaintiff's motion for entry of default.

A proposed order is attached hereto.

Dated: Washington, DC
April 28, 2008

Respectfully submitted,

WEINER BRODSKY SIDMAN KIDER PC

By: /s/ David M. Souders
David M. Souders (Bar No. 441491)
1300 19th Street, NW, Fifth Floor
Washington, DC 20036-1609
Telephone: (202) 628-2000
Facsimile: (202) 628-2011
Email: souders@wbsk.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2008, a copy of the foregoing Defendants' Motion to File Answer Out of Time and to Deny the Pending Motion for Entry of Default, with the Attached Answer and the Proposed Order were served via electronic notification upon the following:

> John Peter Relman
> Bradley H. Blower
> Elena Grigera
> RELMAN & DANE, PLLC
> 1225 19th Street, N.W.
> Suite 600
> Washington, DC 20036-2456
> Phone: (202) 728-1888
> Fax: (202) 728-0848
> jrelman@relmanlaw.com
> bblower@relmanlaw.com
> egrigera@relmanlaw.com

/s/ David M. Souders
David M. Souders (Bar No. 441491)

F:\98054\054\ldms(consent motion).doc

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION, <br><br> Plaintiff, <br><br> v. <br><br> NOVASTAR FINANCIAL, INC. and NOVASTAR MORTGAGE, INC., <br><br> Defendants. | Civil Action No. 07-861 (RCL) |

**ANSWER OF DEFENDANTS
NOVASTAR FINANCIAL, INC., AND NOVASTAR MORTGAGE, INC.**

Defendants NovaStar Financial, Inc. ("NFI") and NovaStar Mortgage, Inc. ("NMI") answer plaintiff National Community Reinvestment Coalition's ("NCRC") Complaint as follows:

**NATURE OF THE ACTION**

1. NFI and NMI aver that the allegations of this paragraph contain descriptive material to which no response is required. Should a response be required, NFI and NMI deny the allegations.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

## PARTIES

9. NFI and NMI aver that they lack knowledge sufficient to form a belief about the allegations of this paragraph and, on that basis, deny the same.

10. With respect to the allegations of the first sentence of this paragraph, NFI and NMI admit only that NFI is incorporated in the State of Maryland and headquartered in the State of Missouri, and deny all other allegations of this paragraph.

11. NFI and NMI admit the allegations of the first and second sentences of this paragraph, and lack knowledge sufficient to form a belief about the allegations of the third sentence of this paragraph and, on that basis, deny the same.

12. Denied.

## JURISDICTION AND VENUE

13. The first sentence of this paragraph is a legal conclusion to which no response is required. To the extent a response is required, NFI and NMI denies the allegations of the first sentence of this paragraph. NFI and NMI deny all of the other allegations of this paragraph.

## FACTS

### NovaStar's Nationwide No Indian Reservation Policy

14. With respect to the allegations of the first sentence (including citation) of this paragraph, NFI and NMI admit only that NMI's Program Manual states that NMI will not make loans secured by properties located on Indian reservations, and deny all other allegations of this paragraph.

15. Denied.

16. Denied.

17. Denied.

### NovaStar's Nationwide No Adult Foster Care Policy

18. With respect to the allegations of the first sentence (including citation) of this paragraph, NFI and NMI admit only that NMI's Program Manual states that NMI will not make loans secured by properties used for adult foster care. NFI and NMI aver that they lack knowledge sufficient to form a belief about the allegations of the second (including citation), third, fourth (including citation), fifth (including citation), and sixth (including citation) sentences this paragraph and, on that basis, deny the same. NFI and NMI deny all of the allegations of this paragraph.

19. NFI and NMI deny the allegations of the first sentence of this paragraph. NFI and NMI aver that they lack knowledge sufficient to form a belief about the allegations of the second (including citation) and third (including citation) sentences this paragraph and, on that basis, deny the same.

20. Denied.

### NovaStar's No Rowhouse Policy In Baltimore

21. NFI and NMI aver that they lack knowledge sufficient to form a belief about the allegations of this paragraph and, on that basis, deny the same.

22. NFI and NMI aver that they lack knowledge sufficient to form a belief about the allegations of this paragraph and, on that basis, deny the same.

23. NFI and NMI aver that they lack knowledge sufficient to form a belief about the allegations of this paragraph and, on that basis, deny the same.

24. Denied.

25. NFI and NMI aver that they lack knowledge sufficient to form a belief about the allegations of this paragraph and, on that basis, deny the same.

26. NFI and NMI aver that they lack knowledge sufficient to form a belief about the allegations of this paragraph and, on that basis, deny the same.

27. Denied.

28. Admitted. However, NFI and NMI deny the general allegations of the complaint filed by NCRC with the United States Department of Housing and Urban Development.

### INJURY CAUSED BY DEFENDANTS' POLICIES AND PRACTICES

29. NFI and NMI aver that they lack knowledge sufficient to form a belief about the allegations of the first sentence of this paragraph and, on that basis, deny the same. NFI and NMI deny all other allegations of this paragraph.

30. NFI and NMI aver that they lack knowledge sufficient to form a belief about the allegations of this paragraph and, on that basis, deny the same.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

### CAUSE OF ACTION
(Federal Fair Housing Act)

36. NFI and NMI incorporate their responses to paragraphs 1 through 35 as though fully set forth herein.

37. Denied, including subsections (a) through (f).

## PRAYER FOR RELIEF

NFI and NMI deny that NCRC is entitled to any relief, including subsections (1) through (7) as set forth in the Prayer for Relief. Further, NFI and NMI expressly deny all allegations not previously admitted or denied, including any titles, headers or footnotes in the Complaint. NFI and NMI specifically deny: (1) that NCRC is entitled to any relief, including an award of damages, declaratory relief, injunctive relief, or attorneys' fees; (2) that NCRC has standing to bring this lawsuit; and (3) that NFI and NMI violated any part of the federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*

## AFFIRMATIVE AND OTHER DEFENSES

NFI and NMI assert affirmative and other defenses to the Complaint as follows:

1. NCRC fails to state a claim upon which relief can be granted. Among other things, NCRC has not pled, and cannot prove, any element of any FHA claim against NFI and NMI, including a *prima facie* case of discrimination, lack of legitimate non-discriminatory reasons for acting, or that such non-discriminatory reasons are a mere pretext for discrimination.

2. NCRC lacks standing or capacity to sue.

3. NCRC's claims are barred by the applicable statutes of limitations or repose.

4. NCRC's claims are moot.

5. NCRC's claims are unripe.

6. NCRC failed to mitigate its alleged damages.

7. NCRC's claims are barred by the doctrines of res judicata and collateral estoppel.

8. NCRC's claims are barred by the doctrine of laches.

9. NCRC's claims are barred by the doctrines of waiver and estoppel.

10. NCRC's claims are barred by the doctrine of accord and satisfaction.

11. NCRC's claims are barred to the extent they lack a basis in fact or law.

12. NCRC's claims are barred or reduced by its assumption of the risk, contributory negligence, mistake, or fraud.

13. NCRC's claims are barred or reduced to the extent any injury to NCRC was caused by the acts or omissions of third parties for whom NFI and NMI are not responsible.

14. NCRC is barred from entitlement to any relief by virtue of its unclean hands and breaches of statutory, common law, and other duties.

15. NFI and NMI are entitled to an offset of any liability they may have.

16. NCRC's claims are barred by any other matter constituting an avoidance or affirmative defense on legal or equitable grounds. To the extent that NCRC failed to set forth its claims with sufficient particularity to permit NFI and NMI to determine all applicable and available defenses, NFI and NMI reserve the right to amend or supplement this Answer with additional defenses when and if such information is ascertained.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Fed. R. Civ. P., NFI and NMI demand a trial by jury on all issues so triable as of right.

Dated: Washington, DC
April 28, 2008

Respectfully submitted,

WEINER BRODSKY SIDMAN KIDER PC

By: /s/David M. Souders
David M. Souders (Bar No. 441491)
1300 19th Street, NW, Fifth Floor
Washington, DC 20036-1609
Telephone: (202) 628-2000
Facsimile: (202) 628-2011
Email: souders@wbsk.com

F:\98054\054\lbpp1695oth Answer.1.doc

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2008, a copy of the foregoing Defendants' Answer was served via electronic notification upon the following:

John Peter Relman
Bradley H. Blower
Elena Grigera
RELMAN & DANE, PLLC
1225 19th Street, N.W.
Suite 600
Washington, DC 20036-2456
Phone: (202) 728-1888
Fax: (202) 728-0848
jrelman@relmanlaw.com
bblower@relmanlaw.com
egrigera@relmanlaw.com

                                                /s/ David M. Souders
                                                David M. Souders (Bar No. 441491)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION, ) ) ) ) Plaintiff, ) ) v. ) ) NOVASTAR FINANCIAL, INC., and ) NOVASTAR MORTGAGE, INC., ) ) Defendants. ) ) | Civil Action No. 07-861 (RCL) |

**ORDER**

Upon consideration of defendants' Motion to File Answer Out of Time and to Deny the Pending Motion for Entry of Default and the record herein;

**IT IS HEREBY ORDERED** that defendants' Motion to File Answer Out of Time is hereby GRANTED and the Answer filed by defendants as Exhibit A to their motion shall be deemed filed as of this date.

**IT IS FURTHER ORDERED** that plaintiff's motion for entry of default is DENIED.

**SO ORDERED.**

Dated: _____

_____
The Honorable Royce C. Lamberth
United States District Judge

The Clerk shall serve a copy of this order on:

>David M. Souders
>1300 19th Street, NW, Fifth Floor
>Washington, DC 20036-1609
>Phone: (202) 628-2000
>Fax: (202) 628-2011
>souders@wbsk.com
>
>*Counsel for Defendants, NovaStar Financial, Inc. and NovaStar Mortgage, Inc.*
>
>
>John Peter Relman
>Bradley H. Blower
>Elena Grigera
>RELMAN & DANE, PLLC
>1225 19th Street, N.W., Suite 600
>Washington, DC 20036-2456
>Phone: (202) 728-1888
>Fax: (202) 728-0848
>jrelman@relmanlaw.com
>bblower@relmanlaw.com
>egrigera@relmanlaw.com
>
>*Counsel for Plaintiff, National Community Reinvestment Coalition*

F:\98054\054\lbpp1695oth Order.Answer.doc