IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION, <br><br> Plaintiff, <br><br> v. <br><br> NOVASTAR FINANCIAL, INC., <br><br> and <br><br> NOVASTAR MORTGAGE, INC., <br><br> Defendants. | Case No. 1:07-cv-00861 (RCL) |

## JOINT RULE 16.3 STATEMENT

Pursuant to this Court's Order For Initial Scheduling Conference (Docket No. 21) (June 4, 2008), Fed. R. Civ. P. 26(f), and LCvR 16.3, counsel for all parties met on June 11, 2008 and conferred with respect to the matters required by the foregoing authorities. In attendance on behalf of Plaintiff National Community Reinvestment Coalition were Bradley H. Blower and Tamica Daniel of Relman & Dane, PLLC. In attendance on behalf of Defendants NovaStar Financial, Inc. and NovaStar Mortgage, Inc. were David M. Souders and Richard J. Andreano, Jr., of Weiner Brodsky Sidman Kider PC. The parties jointly submit this report setting forth their positions on the matters discussed in the conference.

A. **Proposed Schedule**

The parties jointly propose the following schedule:

Initial Disclosures                July 23, 2008
                                   (42 days from Meet and Confer)

| | |
|---|---|
| Deadline for Amending Pleadings or Joining Other Parties | August 27, 2008 (77 days from Meet and Confer) |
| Proponent's R. 26(a)(2) Statements | October 24, 2008 (135 days from Meet and Confer) |
| Opponent's R. 26(a)(2) Statements | November 14, 2008 (156 days from Meet and Confer) |
| Deadline for Depositions of Expert Witnesses | December 12, 2008 (184 days from Meet and Confer) |
| All Discovery Closed | December 12, 2008 (184 days from Meet and Confer) |
| Dispositive Motions Due | January 16, 2009 (5 weeks from close of discovery) |
| Oppositions to Dispositive Motions Due | February 16, 2009 (9 weeks from close of discovery) |
| Replies In Support of Dispositive Motions Due | February 27, 2009 (11 weeks from close of discovery) |
| Pretrial Conference | to be determined by the Court |
| Trial | to be determined by the Court |

Discovery requests pursuant to Fed. R. Civ. P. 33, 34 and 36 shall be submitted on or before thirty (30) days from the close of discovery.

**B.    Matters Discussed By The Parties Pursuant to LCvR 16.3(c)**

(1)    **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

A dispositive motion filed by Defendants has already been decided. *See* Mem. Op. & Order (Docket No. 15) (March 31, 2008). The parties do not anticipate that further dispositive motions will be filed until after the close of discovery.

(2)    **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

A proposed date is included in the proposed schedule above. The parties do not believe that the factual or legal issues can be narrowed any further.

(3)  **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not believe that the case should be assigned to a magistrate judge for all purposes.

(4)  **Whether there is a realistic possibility of settling the case.**

The parties do not believe there is a realistic possibility of settling the case at this time. Before the complaint was filed, the parties engaged the services of a mediator from the United States Department of Housing and Urban Development in an effort to reach a settlement. The mediation was not successful. The parties revisited the possibility of settlement during their Rule 26(f) conference but were again unsuccessful, although the parties will continue to explore settlement possibilities.

(5)  **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

   (i)   the client's goals in bringing or defending the litigation;

   (ii)  whether settlement talks have already occurred and, if so, why they did not produce an agreement;

   (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

      (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

      (bb) whether ADR should take place before or after the judicial resolution of key legal issues;

   (iv)  whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

   (v)   whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

> The parties do not believe the case could benefit from the Court's ADR procedures at this time. As noted in response to item (B)(4) above, the parties have already engaged in a mediation in an attempt to reach a settlement, but were unsuccessful. The parties will inform the Court if, at a future point in the case, they believe that another attempt at ADR would be beneficial.

(6) **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

See the proposed schedule and item (B)(1) above.

(7) **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties do not stipulate to dispensing with initial disclosures or believe that their scope or form should be modified. The parties propose that initial disclosures be due by July 23, 2008, as indicated on the proposed schedule above.

(8) **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

See proposed schedule above.

The parties agree that a limit of 25 interrogatories is appropriate.

The parties agree to a maximum of fifteen (15) depositions for Plaintiff and fifteen (15) depositions for Defendants.

(9) **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

See proposed schedule above. The parties do not believe that the requirements should be modified.

(10) **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

(11)   **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe that the proceedings should be bifurcated or managed in phases.

(12)   **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

See proposed schedule above.

(13)   **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the court set a trial date after the resolution of post-discovery dispositive motions.

(14)   **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

C.   **Brief Statement of the Case**

Plaintiff alleges that NovaStar Financial, Inc. and NovaStar Mortgage, Inc. (collectively, "NovaStar") maintains and publishes two lending eligibility policies that discriminate purposely and intentionally against Native Americans and persons with disabilities. NovaStar's underwriting guidelines and policies treat "Properties located on Indian reservations" and "Properties for adult foster care" as "Unacceptable" for its mortgage lending business. These facially discriminatory policies explicitly treat loan applicants differently on the protected characteristics of race, color, racial composition, national origin, and disability. The policies also have a significant disproportionate impact on Native Americans and persons with disabilities. NovaStar also discriminates against African Americans and African-American homeowners, as well as residents of and homeowners living in African-American neighborhoods in Baltimore by having a policy and practice of denying applicants for mortgage loans where the property securing the loan is a row house. NovaStar's no row house policy has a similar discriminatory purpose and effect on Latinos and Latino homeowners, as well as residents and homeowners living in Latino neighborhoods in Baltimore.

Defendants deny that the underwriting restrictions of NovaStar Mortgage, Inc. ("NMI"), on the making of mortgage loans secured by dwellings on Indian reservations, dwellings used for adult foster care, and row houses in Baltimore, Maryland, were facially discriminatory or that they had a disproportionate impact on minorities and persons with disabilities as alleged in the Complaint. Rather, these policies were necessary to ensure that the types of loans that were

originated by NMI would be saleable on the secondary market. The restriction on row houses in Baltimore was also designed to limit the Company's exposure to fraudulent loans. NMI made loans on row houses in Baltimore prior to January 2005 and since August 2006. During the interim period, however, there were legitimate, non-discriminatory reasons for not making loans secured by Baltimore row houses, including the well-publicized, abnormally high incidence of mortgage fraud (*e.g.*, inflation of a property's appraised value) in connection with row house loans for the past several years. Further, defendants assert that NovaStar Financial, Inc. ("NFI") is not a proper party to this lawsuit. Contrary to plaintiff's allegations in the Complaint, NFI does not provide "underwriting guidelines for its loans" and, in fact, does not originate, service or securitize loans. NFI's subsidiaries, including NMI, perform those actions. NFI is simply a corporate parent.

Finally, the defendants are no longer in the business of originating loans, and they have surrendered all of their licenses and have no intention of returning to the mortgage origination business.

The parties also refer the Court to their respective summaries of the case contained in the background sections of Plaintiff NCRC's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss (Docket No. 7) (June 13, 2007), Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss (Docket No. 3-2) (May 30, 2007) and Defendants' Reply Memorandum in Support of Defendants' Motion to Dismiss (Docket No. 8) (June 22, 2007).

The statutory basis for Plaintiff's cause of action is the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*.

Defendants' defenses are based on the fact that there are significant business expenses and risks inherent in, and unique to, loans to Indian reservation properties, adult foster care facilities, and row houses in Baltimore. As will be demonstrated during the discovery phase of this litigation, defendants had legitimate, non-discriminatory reasons for all of its lending practices and policies.

Respectfully submitted,

| /s/   Bradley H. Blower | /s/   David M. Souders |
|---|---|
| John P. Relman (DC Bar No. 405500) | Mitchel H. Kider (DC Bar No. 358531) |
| Bradley H. Blower (DC Bar No. 421112) | David M. Souders (DC Bar No. 441491) |
| Glenn Schlactus (DC Bar No. 475950) | WEINER BRODSKY SIDMAN KIDER PC |
| RELMAN & DANE PLLC | 1300 19th Street, N.W. |
| 1225 Nineteenth Street, #600 | Washington, D.C. 20036 |
| Washington, D.C. 20036 | (202) 638-2000 |
| 202-728-1888 | (202) 638-2011 (fax) |
| 202-728-0848 (fax) | |
| | |
| Attorneys for Plaintiff NCRC | Attorneys for the NovaStar Defendants |