IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL COMMUNITY )<br>REINVESTMENT COALITION, )<br>　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff, 　　　)<br>　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>NOVASTAR FINANCIAL, INC., )<br>　　　　　　　　　　　　　　)<br>and 　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>NOVASTAR MORTGAGE, INC., )<br>　　　　　　　　　　　　　　)<br>　　　　　　　Defendants. 　)<br>　　　　　　　　　　　　　　) | Case No. 1:07-cv-00861 (RCL) |

**STIPULATED PROTECTIVE ORDER GOVERNING THE DESIGNATION
AND USE OF CONFIDENTIAL PERSONAL IDENTIFYING INFORMATION**

WHEREAS, in the course of discovery, Defendants will produce documents that contain individuals' personal identifying numbers and personal financial information; and

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure contemplates the issuance of protective orders specifying the terms and conditions on which discovery may be had;

Subject to the approval of the Court, it is HEREBY STIPULATED by all the Parties herein, and ORDERED by the Court that, pursuant to Rules 26(c) and 26(f) of the Federal Rules of Civil Procedure, the following procedures shall govern the production and use of individuals' personal identifying numbers and personal financial information (collectively "Personal Identifying Information") produced or obtained in discovery in this action:

1. Under the terms of this Order, counsel of record for any party may designate any Personal Identifying Information (or any portion thereof) that is produced by that party as "Confidential," by stamping or otherwise designating the page on which the Personal Identifying Information appears "Confidential."

2. A party may designate Personal Identifying Information as "Confidential" only if it in good faith believes that it contains or reflects an individual's personal identifying numbers and/or personal financial information and/or medical information. Information that has come into the public domain independent of this litigation shall not be treated as Confidential.

3. A party may challenge the designation of Personal Identifying Information as Confidential, if consistent with the above paragraph, by serving written objections upon the producing party within 30 calendar days of the production of the pages designated as Confidential. If the parties are unable to resolve a dispute as to a Confidential designation by agreement within 10 working days after service of the objections, a party may challenge the designation of Personal Identifying Information as Confidential by application to the Court. The producing party shall have the burden of establishing that the disputed Personal Identifying Information is entitled to Confidential treatment. Personal Identifying Information challenged as having improperly been designated as Confidential shall nonetheless be treated as Confidential and remain subject to the non-disclosure provisions of this Order until otherwise determined upon application to the Court or agreement of the parties.

4. Except by the party producing such Personal Identifying Information, Personal Identifying Information that is designated Confidential and information derived

therefrom shall be disclosed only to the parties and counsel of record for the parties in this action and may thereafter be disclosed only to:

(a) the Court and any of its employees, if filed pursuant to paragraph 6 of this Order:

(b) in-house counsel for the parties;

(c) employees of such counsel of record or of in-house counsel assigned to and necessary to assist such counsel in the preparation of this litigation (such as paralegals, secretaries, etc.);

(d) officers, directors or employees of the party that produced such Confidential information;

(e) officers, directors or employees of the party to whom such Confidential information was produced or disclosed;

(f) experts engaged by the party that produced such Confidential information, and employees of such experts assigned to and necessary to assist such experts in the preparation of their testimony or advice;

(g) experts engaged by the party to whom such Confidential information was produced or disclosed, and employees of such experts assigned to and necessary to assist such experts in the preparation of their testimony or advice;

(h) any other person of whom testimony is taken or is to be taken in this litigation, provided, however, that (i) the party producing such Confidential information shall be provided with at least five (5) days advance notice of any proposed disclosure to such witness and (ii) Confidential information can be disclosed to such person only in preparation for, review of, or in the course of his or her testimony and that such person not retain such Confidential information after his testimony is concluded;

(i) any person, if agreed to by the producing party, provided that such agreement may not be unreasonably withheld; and

(j) any other person, pursuant to further order of this Court.

Any person described in paragraphs 5(f), 5(g), 5(h), 5(i) or 5(j) above, prior to being given access to Personal Identifying Information designated as Confidential shall

3

be provided with a copy of this Order and shall execute the attached Certificate. If such persons appear on a witness list, copies of certificates executed by these persons, or an affirmation that such certificates have been signed, shall be provided to counsel for the producing party at the time that the witness list is provided to such counsel. Certificates signed by any other person shall be provided to counsel for the producing party before trial on the merits or termination of these proceedings.

5. Any person who obtains access to Confidential information through this action shall not reveal or discuss such information to or with any person who is not entitled to receive such information under the terms set forth in this Order. Confidential information shall be used only with respect to this action.

6. Any papers that reveal Confidential information that are to be filed with the Court shall be filed in the manner prescribed by the Local Rule 5.1(j). In lieu of or in addition to filing papers that reveal Confidential information, a party may file a version of a document that has been redacted to remove Confidential information. A party choosing to do so shall first confirm with opposing counsel that the redactions are sufficient.

7. Nothing in this Order shall prevent any party from seeking further protection with respect to the use of any such Confidential information in connection with the trial, hearing or other proceeding in this action.

8. A party shall make a good-faith effort to designate Personal Identifying Information as Confidential at the time of production. Inadvertent or unintentional disclosure by any party of Confidential information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver of a

party's claim of confidentiality, and the parties shall, upon notice, thereafter treat such Personal Identifying Information as Confidential. A receiving party shall make a good-faith effort to locate and mark as Confidential any copies of such Personal Identifying Information upon receipt of such notice.

9. Any party covered by this Order may at any time apply to the Court for relief from any provision of this Order.

10. Any party who has designated any information as Confidential pursuant to this Order may consent that the Confidential status of such information be removed by so notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition.

11. Within thirty (30) days after the termination of this action, which shall include the final disposition of any appeal, settlement or termination of this action, documents containing Confidential Personal Identifying Information and all copies shall be returned to counsel for the party who initially produced such documents or shall be shredded/destroyed (as confirmed in writing); provided, however, that counsel of record may retain pleadings, documents filed with the Court, and any work product and copies thereof, provided said materials are to remain subject to this Order.

12. The Court shall retain jurisdiction to make such amendments, modifications and additions to this Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of Confidential information at the termination of this action.

13. Upon execution by all parties, this Protective Order shall act as a binding agreement between the parties.

Respectfully submitted,

/s/ Bradley H. Blower
John P. Relman (DC Bar No. 405500)
Bradley H. Blower (DC Bar No. 421112)
Glenn Schlactus (DC Bar No. 475950)
RELMAN & DANE PLLC
1225 Nineteenth Street, #600
Washington, D.C. 20036
202-728-1888
202-728-0848 (fax)

Attorneys for Plaintiff NCRC

/s/ David M. Souders
Mitchel H. Kider (DC Bar No. 358531)
David M. Souders (DC Bar No. 441491)
WEINER BRODSKY SIDMAN KIDER PC
1300 19th Street, N.W.
Washington, D.C. 20036
(202) 638-2000
(202) 638-2011 (fax)

Attorneys for the NovaStar Defendants

Date: August 25, 2008


SO ORDERED:


/s/
Royce C. Lamberth
United States District Court Judge

Date: 8/27/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION,<br><br>Plaintiff,<br><br>v.<br><br>NOVASTAR FINANCIAL, INC.,<br><br>and<br><br>NOVASTAR MORTGAGE, INC.,<br><br>Defendants. | Case No. 1:07-cv-00861 (RCL) |

### CERTIFICATION REGARDING THE STIPULATED PROTECTIVE ORDER GOVERNING THE DESIGNATION AND USE OF CONFIDENTIAL PERSONAL IDENTIFYING INFORMATION

I hereby certify, under penalty of perjury, and pursuant to 28 U.S.C. §1746, as follows:

1. Confidential personal identifying numbers and/or personal financial information (collectively "Personal Identifying Information") are being provided to me pursuant to the terms and restrictions of the "Stipulated Protective Order Governing the Designation and Use of Confidential Personal Identifying Information," which Order was entered in the above captioned case.

2. I have been given a copy of and have read that Order and agree to be bound by it.

3. I understand that all such Confidential Personal Identifying Information and copies, including but not limited to any notes or other materials relating or referring

to Confidential discovery material, shall be returned to counsel for the party providing them no later than thrity (30) days after the termination of this proceeding, or be shredded/destroyed (with written confirmation provided).

    4.    I understand that a copy of this Certificate will be provided to counsel for the producing party.

Dated this __ day of _____, 2008.

```
_____
Name:
Affiliation:
Business Address:
```