UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION, ) ) ) ) Plaintiff, ) ) v. ) ) NOVASTAR FINANCIAL, INC., and ) NOVASTAR MORTGAGE, INC., ) ) Defendants. ) ) | Civil Action No. 07-861 (RCL) |

## MEMORANDUM OPINION

Before the Court are three substantive motions: plaintiff's Motion [26] for Leave to Amend the Complaint, plaintiff's Motion [38] to Compel Appearance of Rule 30(b)(6) Designee in Washington, D.C., and plaintiff's Motion [40] to Compel Discovery Responses. As detailed below, the Court will grant plaintiff's Motion [26], grant plaintiff's Motion [38], and deny without prejudice plaintiff's Motion [40].

A.   **Factual Background**

Plaintiff is suing defendants for alleged violations of the Fair Housing Act, 42 U.S.C. §§ 3604 and 3605. Specifically, plaintiff alleges that defendants discriminated against Native Americans, people with disabilities, and African Americans by explicitly refusing to grant mortgages secured by "properties located on Indian reservations," "properties for adult foster

care," or row houses in Baltimore, respectively.  Plaintiff seeks declaratory, equitable, and monetary relief.

**B.      Plaintiff's Motion [26] for Leave to Add W. Lance Anderson as a Defendant**

Plaintiff seeks leave to amend its Complaint to add W. Lance Anderson, co-founder of NovaStar Financial and president of both NovaStar Financial and NovaStar Mortgage, as a defendant.  An answer having been filed, this Court will "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, it is within the Court's discretion to deny leave to amend for "sufficient reason, such as 'undue delay, bad faith, [ ] dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'"  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The Court shall grant leave to amend here.

Plaintiff seeks to add Anderson because, based on defendants' interrogatory responses and other information, plaintiff contends that Anderson is the sole person responsible for the allegedly discriminatory lending policies challenged in the Complaint.  (Pl.'s Mot. [26] at 1.)  Defendants argue that (a) because of the fiduciary shield doctrine the Court cannot exercise jurisdiction over nonresident Anderson, and (b) even if it could the claims against Anderson are without merit and do not warrant amending the Complaint.

Anderson works in Kansas City, Missouri and lives in a nearby Kansas suburb.  This Court may exercise jurisdiction over a nonresident defendant if jurisdiction is proper under both the D.C. longarm statute and the requirements of constitutional due process.  *GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  Defendants argue that

this Court's exercise of jurisdiction over Anderson would fail because of the fiduciary shield doctrine. The fiduciary shield doctrine counsels that "[p]ersonal jurisdiction over the employees or officers of a corporation in their individual capacities must be based on their personal contacts with the forum and not their acts and contacts carried out solely in a corporate capacity." *Bailey v. J & B Trucking Servs., Inc.*, 577 F. Supp. 2d 116, 118–19 (D.D.C. 2008) (quoting *Wiggins v. Equifax, Inc.*, 853 F. Supp. 500, 503 (D.D.C. 1994) (Lamberth, J.)). Because Anderson's contacts with D.C. are all in his corporate capacity, defendants argue, the fiduciary shield doctrine makes jurisdiction over him improper. Plaintiff counters that an exception to the fiduciary shield applies to Anderson and thus corporate contacts with the forum can be considered.

    *1.    If an Exception to the Fiduciary Shield Applies, Personal Jurisdiction Over Anderson Is Appropriate*

Absent the fiduciary shield doctrine issue—that is, if an exception to the doctrine applies—this Court can exercise personal jurisdiction over nonresident Anderson. Under the Fifth Amendment's Due Process Clause, this Court can exercise jurisdiction over Anderson if he has purposefully established "minimum contacts with [the District of Columbia] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Court can—absent the fiduciary shield—attribute NovaStar Financial and NovaStar Mortgage's connections with Washington, D.C. to Anderson. Defendant companies clearly have such contacts: between 1999 and 2007 NovaStar Mortgage received 3,021 loan applications from D.C. residents, and 1,230 of those applications were approved with loans

made.  (Pl.'s Reply Ex. D [30-5] (Decl. of Caitlin Parton) (reviewing Home Mortgage Disclosure Act records).)  Such a pattern of accepting applications from and making loans to District residents, when attributed to Anderson, constitutes purposeful establishment of minimum contacts with the District such that this Court's exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

As for the D.C. longarm statute, D.C. Code § 13-423(a), plaintiff argues that jurisdiction could be achieved under subsection (a)(1).  Subsection (a)(1) grants personal jurisdiction over an individual "as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia."  This Circuit has held that subsection (a)(1) "is given an expansive interpretation that is coextensive with the due process clause."  *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004) (quoting *Mouzavires v. Baxter*, 434 A.2d 988, 992 (D.C. 1981)).  Therefore, because this Court has already held that the due process clause has been satisfied through NovaStar Mortgage's transactions with District residents, subsection (a)(1) of the longarm statute is satisfied as well.

### 2. *The "More Than An Employee" Exception to the Fiduciary Shield Applies to Anderson*

Plaintiff argues that the fiduciary shield doctrine is inapplicable when the defendant is "more than an employee" of the corporation.  This exception has indeed been recognized in this jurisdiction.  For example, the D.C. Superior Court did not apply the fiduciary shield doctrine to two defendants who were the "only corporate officers" of the corporation, "set company policies and procedures," were "active in day-to-day operations of the company," and were "involve[d

with] and supervis[ed] all aspects of the company." *Covington & Burling v. Int'l Marketing & Research, Inc.*, Civ. No. 01-4360, 2003 WL 21384825 at \*6 (D.C. Super. 2003) (Blackburne-Rigsby, J.).  Another judge of this Court has twice recognized *Covington*, but in both those cases he determined that the exception did not apply to the relevant facts.  In *Kopff v. Battaglia*, a "chief programmer" of a blast-fax advertising firm was found to be not as integrally involved with the company as the defendants in *Covington*.  He was not an officer, and he did not have "any role in directing or controlling company policy." *Kopff*, 425 F. Supp. 2d 76, 85 (D.D.C. 2006) (Bates, J.).  In *D'Onofrio v. SFX Sports Group, Inc.*, the Court determined that a CFO and a head of human resources, though directly involved with the plaintiff's firing, did not play enough of a role in the corporate structure for jurisdiction to lie under the "more than an employee" exception.  *D'Onofrio*, 534 F. Supp. 2d 86, 92–93 & n.6 (D.D.C. 2008) (Bates, J.).

Anderson lies somewhere between the sole officers in *Covington* and the employees in *Kopff* and *D'Onofrio*.  Based on the information before the Court, though, he seems closer to the officers in *Covington*—that is, he appears to be "more than an employee."  Again, he is the founder of defendant NovaStar Financial and the president of both defendant companies.  Defendants' interrogatory response listed Anderson, and only Anderson, when asked to "identify . . . all individuals responsible for NovaStar's [challenged] policies."  (Defs.' Opp'n Ex. B [27-4] at 9.)  Although he is not the *sole* officer of the defendant entities, as was the case in *Covington*, Anderson, as president, does appear to exert significant influence over defendants' policies, procedures, and operations.  Anderson thus is "more than an employee" of the NovaStar entities and is not protected by the fiduciary shield doctrine.

   3.   *Jurisdiction is Proper Based Upon NovaStar Mortgage's Contact With Forum*

Because the "more than an employee" exception to the fiduciary shield doctrine applies to Anderson, NovaStar Mortgage's contacts and transactions within the forum can be considered for purposes of personal jurisdiction. As described above, those contacts are sufficient to satisfy both subsection (a)(1) of the longarm statute and the requirements of constitutional due process.

   4.   *Because Defendants' Criticism of the Merits of Claims Against Anderson Do Not Militate Against Leave to Amend, Plaintiff's Motion Shall Be Granted.*

Defendants' only remaining argument against plaintiff's motion is their contention that plaintiff's claims against Anderson are "without merit." (Defs.' Opp'n [27] at 1.) Defendants' main argument in this regard appears to be that Anderson's actions were all taken in his corporate capacity. This is no more than a rehash of defendants' fiduciary-shield arguments and does not establish an independent basis for denying plaintiff's motion for leave to amend. Defendants also argue that the claims against Anderson of discrimination in violation of the Fair Housing Act are "malicious" and "malevolen[t]." (*Id.* at 14, 19.) Even if defendants' characterizations are true, they do not form a basis for denying plaintiff's motion. Finally, defendants argue that it is frivolous, based on an assessment of the claim on the merits. But even if defendants are right, a low likelihood of success is not an acceptable reason for denying leave to amend.

Because the Court has concluded that it can exercise personal jurisdiction over Anderson, and in light of the fact that leave shall be freely granted, the Court shall grant plaintiff's Motion [26].

**C.  Plaintiff's Motion [38] to Compel Appearance of Rule 30(b)(6) Designee in Washington, D.C.**

Plaintiff moves to compel Anderson to appear in Washington, D.C. to be deposed as defendant NovaStar Financial's 30(b)(6) designee. The Court shall grant plaintiff's motion, but plaintiff shall bear the reasonable costs of Anderson's travel and lodging.

NovaStar Financial's principal place of business is in Kansas City, Missouri, and Anderson himself lives in nearby Mission Hills, Kansas. "The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business. This is subject to modification, however, when justice requires." Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2112 (1994 & Supp. 2008). *Turner v. Prudential Insurance Co.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988), outlines four relevant factors courts can consider when determining whether modification is appropriate: location of counsel for both parties; size of defendant corporation and regularity of executive travel; resolution of discovery disputes by the forum court; and the nature of the claim and the relationship of the parties. Expense is also "an important question in determining where to hold the examination." Wright, Miller & Marcus § 2112.

Here, counsel for both parties are located in Washington, D.C. Plaintiff also argues that were the deposition held in Kansas City, sending a plaintiff's representative to assist plaintiff's counsel would result in additional expense. Defendant counterargues that plaintiff's representative is not *required* to attend the deposition, but given plaintiff's experience and expertise in fair lending practices the Court concludes that plaintiff's representative's travel

expenses are relevant.[1]  As for the second *Turner* factor, it is uncontested that defendant NovaStar Financial does business nationwide (*see* Pl.'s Mot. [38] at 4 (stating that NovaStar Financial manages loans in forty-eight states)) and Anderson admits that he travels regularly for work.  (Defs.' Opp'n Ex. 2 [43-4] ¶11.)  However, defendant argues that Anderson's frequent travel makes his office time scarce and therefore suggests the deposition be held in Kansas City.  This argument is logical, but it is not as persuasive as the view taken in *Turner* (frequent travel suggests that a modification would be less burdensome).  As for discovery disputes, the Court is not moved by this factor.  Most discovery disputes could be resolved by telephone regardless of the deposition location (in the unlikely event the Court needed to get involved at all); the convenience of being within the forum is an insufficient reason to modify the ordinary rule.  Finally, as for the relationship between the parties, this factor is also somewhat of a wash: defendant NovaStar Financial is a corporation that does business nationally, but plaintiff is an advocacy organization with nationwide membership.  After considering all of the factors, the number of deposition participants in Washington, D.C. (plaintiff and counsel for both parties) and Anderson's frequent work-related travel suggest that conducting the deposition in Washington, D.C. is appropriate.

The issue of expenses remains.  Although the Court has determined that Anderson shall be deposed in Washington, D.C., the fact remains that *plaintiff* chose Washington as the forum for this action, presumably knowing full well that NovaStar Financial's principal place of

---

[1] The case that defendant cites for the contrary proposition, *Fuller v. Summit Treestands, LLC*, 2008 WL 3049852 (W.D.N.Y. 2008), differs from this case because there defendant showed that plaintiff had failed to attend other depositions within the forum, thereby mitigating the relevance of plaintiff's potential travel costs.

business was in Kansas City. In light of the fact that the Court is departing from the general rule—at plaintiff's request—while also significantly reducing the overall costs of the deposition, it seems appropriate that plaintiff should bear the reasonable costs of Anderson's travel and lodging. *See, e.g.*, *Moore v. George A. Hormel & Co.*, 4 F.R.D. 15, 16 (S.D.N.Y. 1942) (ordering plaintiff to pay expenses when an in-forum deposition of corporate defendant was ordered, at plaintiff's request, based in part upon location of counsel). It shall be so ordered. Should plaintiff ultimately prevail in this action, these expenses may be recoverable as costs of the action. *See* Fed. R. Civ. P. 54(d); Local Civ. R. 54.1.

D.     **Plaintiff's Motion [40] to Compel Discovery Responses**

Plaintiff's Motion [40] seeks to compel defendant NovaStar Financial to respond to certain discovery responses made of it. At the time plaintiff filed this motion on November 18, 2008, the action was automatically stayed as to defendant NovaStar Mortgage due to its Suggestion of Bankruptcy [32] filed October 8, 2008. The involuntary bankruptcy petition underlying the Suggestion was dismissed on March 9, 2009 (*see* Document [50]), and the automatic stay was thereby lifted. It appears from plaintiff's motion and the responsive filings thereto that the motion was largely necessitated by the automatic stay. Plaintiff's discovery requests do not seek any documents from NovaStar Financial that they do not also seek from NovaStar Mortgage.[2] Defendant NovaStar Financial repeatedly contends that (1) the discovery

---

[2]All of the document requests and all but one of the interrogatories aimed at NovaStar Financial refer to NovaStar Financial and NovaStar Mortgage collectively as "NovaStar"; the remaining interrogatory (#9) refers to both NovaStar Financial and NovaStar Mortgage. Indeed, defendants contend (and plaintiff does not contest) that the discovery sought of the two defendants is identical.

plaintiff seeks to compel would act to circumvent the automatic stay and (2) some of the information sought cannot be provided by NovaStar Financial because it is in the possession of NovaStar Mortgage.  Now that the automatic stay has been lifted, the Court is optimistic that the parties can resolve the remaining discovery issues without the Court having to intervene in the process.  Accordingly, plaintiff's motion to compel shall be denied, but without prejudice to its refiling should plaintiff eventually conclude that defendants are still improperly withholding discovery.

## **CONCLUSION**

For the reasons outlined above, the Court shall grant plaintiff's Motion [26], grant plaintiff's Motion [38] (with costs borne by plaintiff), and deny without prejudice plaintiff's Motion [40].  A separate Order shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on March 27, 2009.